**IN THE UNITED STATES DISTRICT COURT**
**IN THE MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

| | |
|---|---|
| **PLUMBERS & PIPEFITTERS LOCAL UNION NO. 803; PLUMBERS & PIPEFITTERS LOCAL UNION NO. 803 HEALTH & WELFARE FUND; PLUMBERS & PIPEFITTERS LOCAL UNION NO. 803 PENSION FUND; PLUMBERS & PIPEFITTERS LOCAL UNION NO. 803 APPRENTICESHIP FUND; and BERNARD HORNE, BRAD GRABILL, GARY MONSON, PAUL JONES, TIM MILES, CHARLES NEWARK and BRANDON THOMAS, as TRUSTEES FOR THE FUNDS,** | |
| | **CASE NO.:** 6:16-cv-315-Orl-31TBS |
| **Plaintiffs,** | |
| **vs.** | |
| **CARRIER CORPORATION,** | |
| **Defendant.** | |

## COMPLAINT

PLAINTIFFS, by and through their undersigned counsel, sue DEFENDANT, and allege as follows:

## COMMON PARAGRAPHS

1. This action is initiated pursuant to Sections 502 and 515 of the Employee Retirement Income Security Act of 1974, 29 U.S.C. §§ 1132 and 1145 ("ERISA"), and Section 301 of the Labor Management Relations Act, 29 U.S.C. § 185 ("the Act").

### Jurisdiction and Venue

2. Jurisdiction and venue are conferred upon this Court by 29 U.S.C. §§ 1132(e)–(f), and 29 USC §§ 185(a)–(c).

**The Parties**

3. PLAINTIFF, Plumbers and Pipefitters Local Union No. 803 ("Union"), is, and was at all times material hereto, an "employee organization" within the meaning of ERISA, 29 U.S.C. § 1002(4), and a "labor organization" within the meaning of the National Labor Relations Act, 29 U.S.C. § 152(5).

4. The Union's principal place of business is located at 2447 Orlando Central Parkway, Orlando, FL 32809. It is authorized to sue in its own name by § 301(b) of the Act, 29 U.S.C. § 185(b), and it represents employees in the construction industry, an industry or activity affecting commerce within the meaning of ERISA, 29 U.S.C. §§ 1002(11) and (12), and an industry affecting commerce, within the meaning of Sections 2(6) and (7) of the Act, 29 U.S.C. §§ 152(6) and (7).

5. PLAINTIFFS, Plumbers and Pipefitters Local Union No. 803 Health & Welfare Fund ("Health & Welfare Fund") and Plumbers and Pipefitters Local Union No. 803 Apprenticeship Fund ("Apprenticeship Fund"), are both employee welfare benefit plans within the meaning of ERISA, 29 U.S.C. § 1002(1).

6. PLAINTIFF, Apprenticeship Fund Pension Fund ("Pension Fund"), is an employee pension benefit plan within the meaning of ERISA, 29 U.S.C. § 1002(2).

7. The Health & Welfare Fund, the Pension Fund, and the Apprenticeship Fund (collectively referred to as the "Trust Funds") are employee benefit plans within the meaning of ERISA, 29 U.S.C. § 1002(3) and are administered in Orlando, Florida.

8. The Trust Funds were created pursuant to the provisions of § 302(c) of the Act, 29 USC § 186(c), and are authorized to sue in their own names by ERISA pursuant to 29 U.S.C. § 1132(d)(1).

9. The Trust Funds bring the instant suit, as expressly contemplated by ERISA, to enforce the terms of the Trust Agreements and ERISA. The Trust Funds, by instituting this claim, have assumed and are suing in a fiduciary capacity and have

standing to file suit in the District Courts of the United States by virtue of 29 U.S.C. §1132(e)(1).

10. PLAINTIFFS, Bernard Horne, Brad Grabill, Gary Monson, Paul Jones, Tim Miles, Charles Newark, and Brandon Thomas (collectively referred to as the "Trustees"), at all times material hereto were Trustees of the Trust Funds. Pursuant to the terms of the Trust Agreements for the Trust Funds, the Trustees are expressly authorized to commence and process lawsuits to collect employee fringe benefits due and owing there under by the employer.

11. As Trustees, they are designated by 29 U.S.C. § 1002(14)(A) as fiduciaries and, in accordance with 29 U.S.C. § 1132(a)(3) and (e)(1), may bring suit in their fiduciary capacities in the district courts of the United States to enforce the terms of the plans, as those terms are defined within 29 U.S.C. § 1002.

12. DEFENDANT, Carrier Corporation, was, at all times material to these proceedings, engaged in, licensed to and/or doing business as a plumbing contractor in and about the Orange County, Florida area, as Carrier Corporation. As such, at all times material to these proceedings, DEFENDANT was an employer within the meaning of ERISA, 29 U.S.C. § 1002(5), and Section 2(2) of the ACT, 29 U.S.C. § 152(2).

13. On information and belief, DEFENDANT'S principal place of business is located at 2900 South Diablo Way, STE 161, Tempe, AZ 85282 and its activities affect commerce within the meaning of ERISA, 29 U.S.C. §§ 1002(11)–(12), and Sections 2(6) and (7) of the ACT, 29 U.S.C. §§ 152(6)–(7).

14. DEFENDANT is a party to, and is bound by, the terms and provisions of one or more written collective bargaining agreements (the "Agreement") entered into with the Union, which was in effect at all times material hereto.

15. The Agreement also binds DEFENDANT to the provisions of the agreements and documents of trust that created and are used to maintain the Trust Funds (the "Trust

Documents").

16. Pursuant to the Agreement and the Trust Documents, DEFENDANT contracts, *inter alia*, to tender employee fringe benefit contributions and related dues and assessments (collectively referred to as the "Contributions") to PLAINTIFFS for all hours worked and/or gross wages earned by its covered employees, monthly, for all months through the date of termination of the Agreement.

17. DEFENDANT has breached the Agreement and Trust Documents by failing to make required payments to the TRUST FUNDS from January 1, 2013, to December 31, 2014.

18. DEFENDANT has also breached by failing to make required dues check-off and PAC contributions, despite the fact that DEFENDANT has taken the necessary deductions from their employees' pay. The DEFENDANT has thus appropriated monies rightly due to the PLAINTIFF, Union, for its own use.

19. PLAINTIFFS have repeatedly attempted, without success, to persuade DEFENDANT to refrain from breaching the Agreement and maintain its obligations, but DEFENDANT has violated and continues to violate provisions of the Agreement and the Trust Documents as noted in paragraphs 17 and 18 above, entitling PLAINTIFFS to all remedies available in the Agreement and §§ 502 and 515 of ERISA, 29 U.S.C. §§ 1132, 1145.

20. An audit of DEFENDANT'S books and records has been undertaken to precisely determine the amounts due, owing, and delinquent together with the accrued prejudgment interest and penalties owed thereon.

21. PLAINTIFFS have been reasonably required to spend sums of money in an effort to remedy DEFENDANT'S breach of the Agreement and have incurred attorney's fees and legal costs, which are recoverable pursuant to the Agreement and 29 U.S.C. §§ 1132(g) and 1145.

**WHEREFORE**, PLAINTIFFS demand entry of judgment in their favor and against DEFENDANT as follows:

A. That the Court enter an order permitting a qualified certified public accountant to audit DEFENDANT'S books and records, at the cost of DEFENDANT, to determine the precise amounts of all such Contributions that are due and owing;

B. That the Court award damages to PLAINTIFFS in the amounts found due and owing by the aforementioned audit, plus prejudgment interest and statutory penalties accrued thereon totaling up to twenty (20) percent per year on all such unpaid contributions;

C. That the Court order the DEFENDANT to pay the costs of this action, including reasonable attorney's fees, incurred by the PLAINTIFFS; and,

D. That the Court grant such other and further relief as it deems just and proper.

**RESPECTFULLY SUBMITTED** this 19th day of February, 2016

**LAW OFFICE OF THOMAS JOHNSON, P.A.**
510 Vonderburg Drive, Suite 309
Brandon, Florida 33511
(813) 654-7272
(813) 662-7444 Facsimile
*Attorneys for PLAINTIFFS*

By: /s/ Thomas Johnson

THOMAS L. JOHNSON, ESQ.
Florida Bar No.: 997447

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true copy of the foregoing has been served by First Class United States Mail to the Secretary of Labor, 200 Constitutional Avenue, N.W., Washington, D.C., 20210, Attn: Solicitor of Benefits Security, this 19th day of February, 2016.

/s/ Thomas L. Johnson

THOMAS L. JOHNSON, ESQ.